UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

IN RE:                                                                                              21-CV-6296 (JMF)

IBM ARBITRATION AGREEMENT LITIGATION                             ORDER

-----------------------------------------------------------------------------x

JESSE M. FURMAN, United States District Judge:

On September 14, 2021, the Equal Employment Opportunity Commission ("EEOC") filed a letter, *see* ECF No. 22, in response to the Court's August 24th Order, *see* ECF No. 20, at 4. In its September 14th letter, the EEOC requests an extension of the deadline to file any amicus brief and seeks the Court's guidance "as to whether there are any specific legal issues regarding which [its] participation would be of assistance." ECF No. 22.

The request for an extension is hereby GRANTED. Any amicus brief from the EEOC shall therefore be filed **within seven days of Defendant's oppositions to Plaintiffs' motions for summary judgment and cross-motions to dismiss and/or for summary judgment** (which, assuming no modifications to the current schedule, would mean a due date of **November 1, 2021**). As for the EEOC's request for guidance, the Court notes that, according to Plaintiffs, this case raises the question of whether the timing provisions in Defendant IBM's arbitration agreement impermissibly abridged the Age Discrimination in Employment Act limitations period for filing suit, which Plaintiffs argue is a substantive right. *See* ECF No. 16, at 3. The Court understands that the EEOC previously submitted an amicus brief that touched on these matters in a case before the Sixth Circuit. *See Thompson v. Fresh Products, LLC*, EEOC Brief, 2020 WL 1160190, at *19-25 (6th Cir. Mar. 2, 2020). Plaintiffs also suggested to the Court that the EEOC might have an interest in providing input with respect to the scope of its investigation of IBM's practices (which Plaintiffs claim is relevant in determining whether they may rely on "piggybacking") and in sharing its view on the confidentiality provision in IBM's arbitration agreement. *See* ECF No. 16, at 3-4. The Court intimates no view on whether the EEOC has an interest in these matters that would make an amicus brief appropriate.

SO ORDERED.

Dated: September 15, 2021
       New York, New York                          _____
                                                    JESSE M. FURMAN
                                                    United States District Judge