22-1728-cv
*In re IBM Arb. Agreement Litig.*

# United States Court of Appeals
# for the Second Circuit

————————

August Term 2022
Argued: May 22, 2023
Decided: August 4, 2023

No. 22-1728

————————

IN RE: IBM ARBITRATION AGREEMENT LITIGATION

————————

GREGORY ABELAR, WILLIAM ABT, BRIAN BROWN, BRIAN BURGOYNE,
MARK CARLTON, WILLIAM CHASTKA, PHILLIP CORBETT, DENISE COTE,
MICHAEL DAVIS, MARIO DIFELICE, JOSEPH DUFFIN, BRIAN FLANNERY,
FRED GIANINY, OM GOECKERMANN, MARK GUERINOT, DEBORAH
KAMIENSKI, DOUGLAS LEE, COLLEEN LEIGH, STEPHEN MANDEL, MARK
MCHUGH, SANDY PLOTZKER, ALEXANDER SALDARRIAGA, RICHARD
ULNICK, MARK VORNHAGEN, JAMES WARREN, AND DEAN WILSON,

*Plaintiffs-Appellants,*

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION,

*Defendant-Appellee.*[*]

————————

On Appeal from the United States District Court
for the Southern District of New York

————————

———————————

[*] The Clerk of Court is respectfully directed to amend the caption
accordingly.

Before:   POOLER, WESLEY, and PARK, *Circuit Judges*.

Plaintiffs are twenty-six former employees of International Business Machines Corporation ("IBM") who signed separation agreements requiring them to arbitrate any claims arising from their termination by IBM.   The agreements set a deadline for initiating arbitration and included a confidentiality requirement.   Plaintiffs missed the deadline but nonetheless tried to arbitrate claims under the Age Discrimination in Employment Act of 1967 ("ADEA"). Their arbitrations were dismissed as untimely.   They then sued IBM in the U.S. District Court for the Southern District of New York, seeking a declaration that the deadline is unenforceable because it does not incorporate the "piggybacking rule," a judge-made exception to the ADEA's administrative-exhaustion requirements. Shortly after filing suit, Plaintiffs moved for summary judgment and attached various documents obtained by Plaintiffs' counsel in other confidential arbitration proceedings.   IBM moved to seal the confidential documents.   The district court (Furman, *J.*) granted IBM's motions to dismiss and to seal the documents.

On appeal, Plaintiffs argue that (1) the filing deadline in their separation agreements is unenforceable, and (2) the district court abused its discretion by granting IBM's motion to seal.   We disagree. First, the piggybacking rule does not apply to arbitration and, in any event, it is not a substantive right under the ADEA.   Second, the presumption of public access to judicial documents is outweighed here by the Federal Arbitration Act's strong policy in favor of enforcing arbitral confidentiality provisions and the impropriety of counsel's attempt to evade the agreement by attaching confidential documents to a premature motion for summary judgment. **AFFIRMED**.

———————

SHANNON LISS-RIORDAN, Lichten & Liss-Riordan, P.C., Boston, MA (Thomas Fowler, *on the brief*), *for Plaintiffs-Appellants*.

TRACI L. LOVITT, Jones Day, New York, NY (Anthony J. Dick, Jones Day, Washington, DC; Matthew W. Lampe, Erika D. Cagney, Jones Day, New York, NY; J. Benjamin Aguiñaga, Jones Day, Dallas, TX, *on the brief*), *for Defendant-Appellee*.

———————

PARK, *Circuit Judge*:

Plaintiffs are twenty-six former employees of International Business Machines Corporation ("IBM") who signed separation agreements requiring them to arbitrate any claims arising from their termination by IBM. The agreements set a deadline for initiating arbitration and included a confidentiality requirement. Plaintiffs missed the deadline but nonetheless tried to arbitrate claims under the Age Discrimination in Employment Act of 1967 ("ADEA"). Their arbitrations were dismissed as untimely. They then sued IBM in the U.S. District Court for the Southern District of New York, seeking a declaration that the deadline is unenforceable because it does not incorporate the "piggybacking rule," a judge-made exception to the ADEA's administrative-exhaustion requirements. Shortly after filing suit, Plaintiffs moved for summary judgment and attached various documents obtained by Plaintiffs' counsel in other confidential arbitration proceedings. IBM moved to seal the confidential documents. The district court (Furman, *J.*) granted IBM's motions to dismiss and to seal the documents.

On appeal, Plaintiffs argue that (1) the filing deadline in their separation agreements is unenforceable, and (2) the district court abused its discretion by granting IBM's motion to seal. We disagree. First, the piggybacking rule does not apply to arbitration and, in any

event, it is not a substantive right under the ADEA. Second, the presumption of public access to judicial documents is outweighed here by the Federal Arbitration Act's ("FAA") strong policy in favor of enforcing arbitral confidentiality provisions and the impropriety of counsel's attempt to evade the agreement by attaching confidential documents to a premature motion for summary judgment. We affirm.

## I. BACKGROUND

A.    Facts[1]

Plaintiffs allege that IBM terminated thousands of older workers in the early 2010s to be more competitive in emerging technology sectors. Most of the terminated employees signed a separation agreement (the "Agreement") in exchange for severance payments and other benefits. The Agreement included a class- and collective-action waiver requiring claims arising from their termination—including ADEA claims—to be resolved by "private, confidential, final and binding arbitration according to the IBM Arbitration Procedures." App'x at App.102. The Agreement required Plaintiffs to bring claims within a certain time (the "Timeliness Provision"):

> **Time Limits and Procedure for Initiating Arbitration.**
> To initiate arbitration, you must submit a written demand for arbitration to the IBM Arbitration Coordinator . . . [I]f the claim is one which must first be brought before a government agency, [you must submit]

---

[1] We accept Plaintiffs' factual allegations as true on a motion to dismiss. *Celestin v. Caribbean Air Mail, Inc.*, 30 F.4th 133, 136 n.1 (2d Cir. 2022).

> no later than the deadline for the filing of such a claim.
> If the demand for arbitration is not timely submitted, the
> claim shall be deemed waived.   The filing of a charge or
> complaint with a government agency . . . shall not
> substitute for or extend the time for submitting a demand
> for arbitration.

*Id.* at App.105.   The ADEA typically requires plaintiffs to file a
complaint called a "charge" with the Equal Employment Opportunity
Commission ("EEOC") within 300 days of the alleged discrimination.
*See* 29 U.S.C. § 626(d)(1)(B).   Employees who signed the Agreement
had 300 days to submit written demands for arbitration.

The Agreement also included a confidentiality requirement
(the "Confidentiality Provision"):

> **Privacy and Confidentiality.** . . . To protect the
> confidentiality of proprietary information, trade secrets
> or other sensitive information, the parties shall maintain
> the confidential nature of the arbitration proceeding and
> the award.

App'x at App.106.

Plaintiffs are twenty-six former IBM employees who were
terminated in 2017 and 2018.   All signed the Agreement.   After the
deadlines for arbitrating their claims had passed, twenty-four
Plaintiffs submitted written demands for arbitration, alleging that
they were terminated in violation of the ADEA.   The arbitrators in
all of their cases dismissed the claims as untimely.   The remaining
two Plaintiffs, Phillip Corbett and Brian Flannery, did not try to
arbitrate their claims.

Some former employees—almost all of whom are represented
by the same counsel as Plaintiffs—did not sign the Agreement and

instead filed timely charges of discrimination with the EEOC.    These former employees brought a separate putative class action against IBM in 2018 (the "*Rusis* action").    *See Rusis v. Int'l Bus. Machs. Corp.*, 529 F. Supp. 3d 178, 188 (S.D.N.Y. 2021).

Plaintiffs tried to opt in to the *Rusis* action in 2019, after their arbitration claims were dismissed as untimely.[2]  *See id.* at 192.    In 2020, the EEOC issued a report on other former IBM employees' charges finding "reasonable cause to believe that [IBM] discriminated against [other former IBM employees] on account of their age." App'x at App.121.    In March 2021, the district court in the *Rusis* action dismissed Plaintiffs from that case due to the "valid and enforceable class and collective action waiver" in the Agreement. 529 F. Supp. 3d at 193.

B.    Procedural History

After Plaintiffs were dismissed from the *Rusis* action, they filed individual cases in the U.S. District Court for the Southern District of New York, seeking a declaration that the Timeliness and Confidentiality Provisions in the Agreement are unenforceable.    The district court (Furman, *J.*) consolidated the individual cases.

After filing the complaint but before IBM answered or moved to dismiss, Plaintiffs filed a motion for summary judgment, attaching documents that Plaintiffs' counsel had obtained in other IBM employees' confidential arbitration proceedings.    Plaintiffs filed under seal but requested immediate unsealing of the confidential documents for the admitted purpose of enabling Plaintiffs' counsel to

---

[2]  Two Plaintiffs, Brian Flannery and Deborah Kamienski, did not try to opt in to the *Rusis* action.

use the documents in litigation against IBM.   IBM opposed Plaintiffs'
motion for summary judgment and moved to dismiss under Federal
Rule of Civil Procedure 12(b)(6).   IBM argued that the claims of the
twenty-four Plaintiffs who arbitrated and lost should be dismissed as
untimely and that the Timeliness Provision is enforceable under the
FAA.   IBM further argued that the motion for summary judgment
should be denied as moot.   Plaintiffs opposed IBM's motion, arguing
that the Timeliness Provision is unenforceable because it does not
include the piggybacking rule, which permits plaintiffs who fail to file
an EEOC charge to "piggyback" off a timely charge brought by
another employee alleging the same discrimination.   Plaintiffs also
moved for leave to amend their complaints to add claims for
fraudulent inducement.

       The district court granted IBM's motion to dismiss.   First, it
declined to exercise jurisdiction over the claims of the twenty-four
Plaintiffs who had already arbitrated because their claims were
unripe under the Declaratory Judgment Act ("DJA").   *In re IBM Arb.
Agreement Litig.*, No. 21-CV-6296, 2022 WL 2752618, at *4-5 (S.D.N.Y.
July 14, 2022).   The "arbitration proceedings definitively resolved"
their claims, and "the window to challenge those rulings, or the
enforceability of the provisions that governed them, has long since
closed."   *Id.* at *5.   The district court also declined to exercise
jurisdiction over Plaintiffs Flannery's and Corbett's challenge to the
Confidentiality Provision because it was unripe.   *Id.* at *6 (stating
that the Confidentiality Provision "will play a role in Flannery and
Corbett's arbitration proceedings only if the arbitrator rules that they
have timely ADEA claims to arbitrate in the first place," and "there is
no reason to believe an arbitrator would conclude Flannery and

Corbett have timely ADEA claims"). This left only Flannery's and Corbett's challenge to the Timeliness Provision.

Second, the district court concluded that the Timeliness Provision is enforceable because the piggybacking rule is not "a substantive, nonwaivable right under the ADEA." *Id.* at *7. "Plaintiffs' challenge to the Timeliness Provision on the ground that it prevents them from effectively vindicating their rights under the ADEA is without merit" because "the timeline for filing an arbitration demand established by the Timeliness Provision is the *same* 180- or 300-day deadline provided by the ADEA itself." *Id.* at *9.

Finally, the district court denied Plaintiffs' motion for leave to amend to add a claim for fraudulent inducement as futile because twenty-four Plaintiffs had waived their claims by arbitrating and failing to raise a claim for fraudulent inducement. *See id.* at *10. The district court denied Flannery's and Corbett's motion for leave to amend because it would not satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b). *Id.* at *11.

IBM also moved to seal Plaintiffs' motion for summary judgment and the attached confidential documents. *See In re IBM Arb. Agreement Litig.*, No. 21-CV-6296, 2022 WL 3043220, at *1 (S.D.N.Y. Aug. 2, 2022). The district court granted IBM's motion to seal and denied Plaintiffs' request to unseal the documents. *Id.* It concluded that the materials were not "judicial documents" because they "had no tendency—or, for that matter, ability—to influence this Court's ruling on IBM's motion." *Id.* at *2 (cleaned up). The documents were "subject to only a weak presumption of public access," and any presumption of public access was outweighed by

"the FAA's strong policy in favor of enforcing arbitral confidentiality provisions."   *Id.* at *2-3.   Plaintiffs timely appealed.[3]

## II.   DISCUSSION

Plaintiffs argue that (1) the Timeliness Provision is unenforceable because it does not incorporate the piggybacking rule, and (2) the district court abused its discretion by granting IBM's motion to seal the confidential documents.   We disagree.   First, the piggybacking rule does not apply to arbitration and, in any case, it is not a substantive right under the ADEA.   Second, the presumption of public access to judicial documents is outweighed here by the FAA's strong policy in favor of enforcing arbitral confidentiality provisions and the impropriety of counsel's attempt to evade the Agreement by attaching confidential documents to a premature motion for summary judgment.   Finally, the district court correctly declined to exercise jurisdiction over the remaining claims and correctly denied Plaintiffs' motion for leave to amend.

A.   Timeliness Provision

The Timeliness Provision is enforceable.   Plaintiffs argue that "the time-period for filing contained in the ADEA, to which the piggybacking rule is integral" is "a substantive right that cannot be waived or truncated in an arbitration agreement."   Appellants' Br. at 36-37.   This is incorrect.   The piggybacking rule has no application in the arbitration context.   In any event, the piggybacking rule may be waived because it is not a substantive right under the ADEA.

---

[3] On appeal, Plaintiffs moved to file certain materials under seal while simultaneously moving to unseal the same documents.

1.    *Legal Standards*

The ADEA makes it "unlawful for an employer" to "discriminate against any individual . . . because of such individual's age."  29 U.S.C. § 623.   It provides that:

> (1) No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.   Such a charge shall be filed—
>
>> (A) within 180 days after the alleged unlawful practice occurred; or
>>
>> (B) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred . . . .

*Id.* § 626(d).

Under this provision, an ADEA plaintiff must exhaust administrative remedies by first filing an EEOC charge within 300 days of the "alleged unlawful practice."[4]  *Id.*   The plaintiff must then "file an EEOC charge at least 60 days prior to initiating an ADEA suit in federal court."   *Holowecki*, 440 F.3d at 562 (emphasis omitted).

The piggybacking rule is an exception to the ADEA's charge-filing requirement.   *See Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1056 (2d Cir. 1990).   It first came into use after the enactment of the Civil Rights Act of 1964, when courts applied the rule to class actions under

---

[4]  The 300-day deadline applies to "deferral states," which are states with their own age discrimination laws and age discrimination remedial agencies.   *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 562 (2d Cir. 2006).   Most, if not all, Plaintiffs reside in deferral states.

Title VII.   *See Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 498-99 (5th Cir. 1968).   "According to the piggybacking rule, where one plaintiff has filed a timely EEOC complaint, other non-filing plaintiffs may join in the action if their individual claims arise out of similar discriminatory treatment in the same time frame."   *Holowecki*, 440 F.3d at 564 (cleaned up).   We have held that the piggybacking rule, also known as the "single-filing rule," applies to ADEA actions. *Tolliver*, 918 F.2d at 1059-60.   Importantly, the piggybacking rule is not found in the ADEA or in Title VII.   It is a judge-made exception to the statutory-filing requirements.   *See Oatis*, 398 F.2d at 498 (explaining it would be "wasteful" to require Title VII class members to file individual charges); *Tolliver*, 918 F.2d at 1057 (reasoning it would be "equally appropriate" to apply the piggybacking rule to ADEA actions because the "ADEA administrative procedure is modeled on the Title VII procedure").   We explained that the rule could "afford the agency the opportunity to 'seek to eliminate any alleged unlawful practice by informal methods'" without requiring "repetitive ADEA charges."   *Tolliver*, 918 F.2d at 1057 (quoting 29 U.S.C. § 626(d)).

The ADEA, as amended by the Older Workers Benefit Protection Act ("OWBPA"), also provides that: "An individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary."   29 U.S.C. § 626(f)(1).   The Supreme Court has "construed the phrase 'right or claim' in § 626(f)(1) and one of its subparts to mean 'substantive right,' which includes 'federal antidiscrimination rights' and 'the statutory right to be free from workplace age discrimination,' as distinguished from procedural rights, like 'the right to seek relief from a court in the first instance.'"

11

*Estle v. Int'l Bus. Machs. Corp.*, 23 F.4th 210, 214 (2d Cir. 2022) (quoting *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 259, 265-66 (2009)).

Finally, the FAA states that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided." 9 U.S.C. § 2. "This text reflects the overarching principle that arbitration is a matter of contract." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013). As such, "courts must rigorously enforce arbitration agreements according to their terms, including . . . the rules under which that arbitration will be conducted." *Id.* (cleaned up). "Not only did Congress require courts to respect and enforce agreements to arbitrate; it also specifically directed them to respect and enforce the parties' chosen arbitration procedures." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018); *see Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 683 (2010) ("[P]arties are generally free to structure their arbitration agreements as they see fit." (internal quotation marks omitted)).

"We review the grant of a Rule 12(b)(6) motion to dismiss *de novo*. We accept the factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Estle*, 23 F.4th at 212-13.

2. *Application*

Plaintiffs argue that the Timeliness Provision is unenforceable because it "waive[d] a substantive right by abridging the time period to file and because it was obtained without IBM providing OWBPA

disclosures." [5]  Appellants' Br. at 27.  Plaintiffs' argument is meritless and foreclosed by precedent.

First, the piggybacking rule does not apply to arbitration.  It is an exception to the ADEA's administrative-exhaustion requirements. *See Tolliver*, 918 F.2d at 1057.  And the ADEA's administrative-exhaustion process expressly applies to "civil action[s]."  29 U.S.C. § 626(d)(1).  The judge-made piggybacking rule thus "has no clear application in the arbitration context."  *Smith v. Int'l Bus. Machs. Corp.*, No. 22-11928, 2023 WL 3244583, at *6 (11th Cir. May 4, 2023).

All that the piggybacking rule does is functionally waive the administrative-exhaustion requirement—it does not extend the 300-day deadline to file an EEOC charge.  *See Holowecki*, 440 F.3d at 564. The Timeliness Provision clearly notes that the ADEA's administrative-exhaustion requirement does not apply to Plaintiffs' arbitrations.  App'x at App.105 (stating that the "filing of a charge or complaint with a government agency . . . shall not substitute for or extend the time for submitting a demand for arbitration").  And under the FAA, "courts must rigorously enforce arbitration agreements according to their terms, including . . . the rules under which that arbitration will be conducted."  *Am. Express Co.*, 570 U.S.

---

[5] The district court correctly declined to exercise jurisdiction over the claims brought by the twenty-four Plaintiffs who arbitrated and lost. *See In re IBM Arb. Agreement Litig.*, 2022 WL 2752618, at *5.  We agree that there is no "practical likelihood" that Plaintiffs will be able to reopen their claims.  *See Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 92 (2d Cir. 2023) (emphasis omitted).  Nonetheless, we have appellate jurisdiction over the challenge to the Timeliness Provision brought by Plaintiffs Flannery and Corbett.

at 233 (cleaned up).    Neither the EEOC's charge-filing process nor the piggybacking rule have any place in Plaintiffs' arbitrations.

Second, in any event, the piggybacking rule is not a substantive right under the ADEA and is thus waivable under the Agreement. The Supreme Court has distinguished between substantive rights—such as the right under the ADEA "to be free from workplace age discrimination," which may be waived only if such waiver is knowing and voluntary—and procedural rights—such as "the right to seek relief from a court in the first instance," which are waivable.    *14 Penn Plaza*, 556 U.S. at 265-66.    *14 Penn Plaza* held that the ability to file suit in court (as opposed to arbitration) is procedural, not substantive. *See id.*    The Court explained that "the recognition that arbitration procedures are more streamlined than federal litigation is not a basis for finding the forum somehow inadequate."    *Id.* at 269; *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) ("Although [arbitration] procedures might not be as extensive as in the federal courts, by agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'" (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985))).    Following *14 Penn Plaza*, we recently held that "[c]ollective action waivers . . . address procedural, not substantive rights," and thus may be waived.    *Estle*, 23 F.4th at 212.

*14 Penn Plaza* forecloses Plaintiffs' argument that the piggybacking rule is a non-waivable substantive right under the ADEA.    The rule is judge-made and is not found in the text of the ADEA.    *See* 29 U.S.C. § 626(d).    Moreover, the piggybacking rule, at its core, is not about timeliness.    *See Holowecki*, 440 F.3d at 564 ("An

individual who has previously filed an EEOC charge cannot piggyback onto someone else's EEOC charge."); *Levy v. U.S. Gen. Acct. Off.*, 175 F.3d 254, 255 (2d Cir. 1999) (declining to apply rule to plaintiffs who filed an untimely complaint in the district court). As discussed above, it is an exception to the ADEA's administrative-exhaustion requirement and does not apply to these arbitrations. It thus falls well outside the scope of the substantive right protected by the ADEA and may be waived.[6]

Plaintiffs argue that the ADEA's timing provisions "are part of the substantive law of the cause of action created by the ADEA." Appellants' Br. at 34 (quoting *Thompson v. Fresh Products, LLC*, 985 F.3d 509, 521 (6th Cir. 2021)). This argument is misplaced. Plaintiffs cite *Thompson*, which did not involve an arbitration agreement or the FAA. *See* 985 F.3d at 515. Neither did *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824 (6th Cir. 2019), on which *Thompson* relied. *See* 939 F.3d at 839 (holding that a "contractually shortened limitation period, *outside of an arbitration agreement*, is incompatible with the grant of substantive rights and the elaborate pre-suit enforcement mechanisms of Title VII" (emphasis added)).

For these reasons, the Timeliness Provision in the Agreement is enforceable.

---

[6] Nor have Plaintiffs shown that the Timeliness Provision made "access to the forum impracticable." *Am. Express Co.*, 570 U.S. at 236. It gave Plaintiffs the same amount of time to file an arbitration demand as they would have had to file an EEOC charge under the ADEA. Indeed, other former employees timely filed and successfully arbitrated their claims.

15

B.  <u>Motion to Unseal</u>

The district court properly granted IBM's motion to seal. Plaintiffs argue that "a confidentiality provision . . . is not a sufficient countervailing interest to override the presumption of public access." Appellants' Br. at 63.   We disagree.

1.  *Legal Standards*

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution."   *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020). "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."   *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1048 (2d Cir. 1995).

"[A]s a threshold question, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches."   *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022) (cleaned up).   If so, the court "must next determine the particular weight of that presumption of access for the record at issue."   *Id.*   "Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it."   *Id.* at 88 (internal quotation marks omitted).   "Examples of such countervailing values may include . . . the protection of attorney-client privilege; the danger of impairing law enforcement or judicial efficiency; and the privacy interest of those who resist disclosure."   *Brown v. Maxwell*, 929 F.3d 41, 47 n.13 (2d Cir. 2019) (cleaned up).

"When reviewing a district court's order to seal or unseal a document, we examine the court's factual findings for clear error, its legal determinations *de novo*, and its ultimate decision to seal or unseal for abuse of discretion." *Olson*, 29 F.4th at 87 (cleaned up).

2. *Application*

The district court correctly granted IBM's motion to seal. The district court reasoned that the summary judgment documents were "subject to only a weak presumption of public access" because the court "did not, and could not, consider these documents in resolving IBM's motion to dismiss." *In re IBM Arb. Agreement Litig.*, 2022 WL 3043220, at *2 (emphasis omitted). "And on the other side of the scale," the FAA's mandate requiring enforcement of arbitration agreements "according to their terms" "favor[s] maintaining these documents under seal or in redacted form." *Id.* (cleaned up). Protecting this confidentiality interest is particularly important when the stated objective of Plaintiffs' motion to unseal is to circumvent the Confidentiality Provision to assist plaintiffs in other proceedings—including Plaintiffs' counsel's other clients. *See, e.g.*, Reply Br. at 34 ("Plaintiffs have filed this lawsuit to be able to use certain evidence that has been used in other arbitrations in support of their arbitrations." (alterations incorporated)).

First, motions for summary judgment are ordinarily judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006); *Brown*, 929 F.3d at 47. "[F]or a court filing to be classified as a 'judicial document,' it 'must be relevant to the performance of the judicial function and useful in the judicial process.'" *Olson*, 29 F.4th at 87 (quoting *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995)). The fact that the district

court did not reach the merits of Plaintiffs' motion does not change the analysis. *Cf. Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) ("The fact that a suit is ultimately settled without a judgment on the merits does not impair the 'judicial record' status of pleadings."); *Lugosch*, 435 F.3d at 121-23 (finding it was "error" for the district court to wait "until it had ruled on the underlying summary judgment motion" to apply the sealing analysis).

Even assuming the motion and attached materials in this case were "judicial documents," the presumption of public access is weaker because the motion was denied as moot. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Olson*, 29 F.4th at 87-88 (quoting *Amodeo II*, 71 F.3d at 1049). "The locus of the inquiry is, in essence, whether the document is presented to the court to invoke its powers or affect its decisions." *Bernstein*, 814 F.3d at 142 (internal quotation marks omitted). Here, the presumption of access is weaker because the district court dismissed the complaint on IBM's Rule 12(b)(6) motion and did not even reach the merits of Plaintiffs' summary judgment motion, instead denying it as moot. The confidential documents thus had no "role . . . in the exercise of Article III judicial power." *Id.*

The weaker presumption of public access in this case is readily outweighed by the FAA's strong policy protecting the confidentiality of arbitral proceedings and the impropriety of using a motion for summary judgment to evade the Agreement's Confidentiality Provision. As discussed *supra* at 12-13, "courts must rigorously

enforce arbitration agreements according to their terms." *Am. Express Co.*, 570 U.S. at 233 (internal quotation marks omitted).   And the "Supreme Court [has] observed that, without vigilance, courts' files might become a vehicle for improper purposes." *Brown*, 929 F.3d at 47 (cleaned up).   We have explained that "courts should consider personal motives . . . at the third, balancing step of the inquiry, in connection with any asserted privacy interests, based on an anticipated injury as a result of disclosure." *Mirlis*, 952 F.3d at 62 (internal quotation marks and emphasis omitted).   Here, Plaintiffs initially sued to invalidate the Confidentiality Provision, so denying IBM's sealing request "would be to grant Plaintiffs the relief they sought in the first instance." *In re IBM Arb. Agreement Litig.*, 2022 WL 3043220, at *2.   The district court correctly observed that allowing unsealing under such circumstances would create a legal loophole allowing parties to evade confidentiality agreements simply by attaching documents to court filings. *Id.* at *3.   Plaintiffs' counsel may not end-run the Confidentiality Provision by filing protected materials and then invoking the presumption of access to judicial documents.   The district court correctly sealed the documents.

C.   Remaining Claims

Finally, we affirm the district court's disposition of Plaintiffs' remaining claims.   First, the district court did not abuse its discretion in declining to exercise jurisdiction over Plaintiffs Flannery's and Corbett's challenge to the Confidentiality Provision.   Second, the district court correctly denied Plaintiffs' motion for leave to amend to add a fraudulent inducement claim.

1.   *Ripeness*

"The standard for ripeness in a declaratory judgment action is

19

that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 388 (2d Cir. 2005) (internal quotation marks omitted). "We review a district court's decision of whether to exercise jurisdiction over a declaratory judgment action deferentially, for abuse of discretion." *Id.*

Flannery's and Corbett's claim seeking a declaratory judgment that the Confidentiality Provision is unconscionable is unripe. As discussed *supra* at 12-15, this challenge to the Timeliness Provision is meritless. There is no "practical likelihood" that an arbitrator would conclude otherwise. *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 92 (2d Cir. 2023) (emphasis omitted); *see also Kurtz v. Verizon N.Y., Inc.*, 758 F.3d 506, 511 (2d Cir. 2014) ("A claim is not ripe if it depends upon contingent future events that may or may not occur as anticipated, or indeed may not occur at all."). As a result, Plaintiffs' challenge to the Confidentiality Provision is unripe.

### 2. *Leave To Amend*

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "Where the claims are premised on allegations of fraud, the allegations must satisfy the heightened particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358 (2d Cir. 2010) (internal quotation marks omitted). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.

R. Civ. P. 9(b). "[I]n order to comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (cleaned up). We "review *de novo* a district court's denial of a request for leave to amend based on futility." *Glover v. Bausch & Lomb Inc.*, 6 F.4th 229, 236 (2d Cir. 2021).

Plaintiffs' proposed amended complaint fails to meet Rule 9(b)'s heightened pleading standard. It alleges that "IBM provided employees with template letters indicating that the company was required to lay them off." App'x at App.563. It references "low-level managers" but does not identify the speakers. *See id.* at App.564. It also fails to identify when or where "IBM's managers and human resource professionals presented employees with inaccurate and/or misleading information." *Id.* at App.565. These deficient allegations cannot satisfy Rule 9(b), and the district court correctly denied leave to amend.

## III. CONCLUSION

We have considered all of Plaintiffs' remaining arguments and have found them to be without merit. For the reasons set forth above, the judgment of the district court is affirmed.[7] Plaintiffs' motion to unseal is denied as moot.

---

[7] The remaining appeals raising substantially similar issues are resolved in summary orders issued simultaneously with this opinion. *See Chandler v. Int'l Bus. Machs. Corp.*, No. 22-1733; *Lodi v. Int'l Bus. Machs. Corp.*, No. 22-1737; *Tavenner v. Int'l Bus. Machs. Corp.*, No. 22-2318.