# LICHTEN & LISS-RIORDAN, P.C.

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×∆◊
SARAH SCHALMAN-BERGEN■
MATTHEW W. THOMSON×
ADELAIDE H. PAGANO×

THOMAS P. FOWLER×◊
OLENA SAVYTSKA×
ANNE KRAMER×∆
MICHELLE CASSORLA×^☼
ZACHARY RUBIN×◊^♦
ANASTASIA DOHERTY×
TARA BOGHOSIAN×
MATTHEW PATTON×
KRYSTEN CONNON^■
BENJAMIN J. WEBER×☐ OF COUNSEL

ATTORNEYS AT LAW

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

TELEPHONE 617-994-5800
FACSIMILE 617-994-5801

WWW.LLRLAW.COM

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
■ ADMITTED IN PENNSYLVANIA
^ ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT
☼ ADMITTED IN DISTRICT OF COLUMBIA
☐ ADMITTED IN TENNESSEE

October 12, 2021

**VIA CM/ECF**
Hon. Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 1105
New York, NY 10007

**RE:** **IBM Arbitration Agreement Litigation**, C.A. No. 21-CV-6296 (JMF)

Dear Judge Furman:

  I write in response to Your Honor's Order of October 8, 2021 (Dkt. 32). Just before that Order was entered, we were prepared to submit a letter suggesting that the Court follow the ruling that had just been entered by Judge Koetel in the similar case of Chandler v. International Business Machines Corp., Civ. Act. No. 1:21-cv-06319-JGK (S.D.N.Y.), in which he granted the request to file documents under seal but indicated that non-confidential documents should be filed publicly with confidential portions redacted. See Order (Chandler Dkt. 18) (attached here as Exhibit A).

  Plaintiffs contend that is the proper approach here, since a significant portion of the filings can clearly not even be alleged to be confidential (including legal argument, copies of publicly filed documents, etc.).[1] We believe these clearly non-confidential portions of the documents should be publicly filed and not remain under seal pending the Court's consideration of Plaintiffs' Motion for Summary Judgment.

---

[1] Plaintiffs originally filed their motion and accompanying documents under seal in an abundance of caution, but we recognize, and urge the Court to recognize, that much of what is contained in these documents cannot even be claimed by IBM to be confidential.

# L I C H T E N  &  L I S S - R I O R D A N , P. C.

      Following Judge Koeltl's order from Friday in the <u>Chandler</u> case, we prepared a version of Plaintiff's Motion for Summary Judgment, Statement of Material Facts, and Declaration of Shannon Liss-Riordan, with confidential information redacted, so that those documents could be publicly filed. We then conferred with IBM and agreed to provide IBM until Thursday, October 14, 2021, to review our proposed redacted versions of these documents in order to reach agreement regarding which portions of the filings IBM contends are confidential.

      With respect to the portions of the documents that IBM alleges should remain confidential and under seal or redacted, IBM should be required to follow Your Honor's Individual Practices Section 7(C)(i), which provides that:

> When a party seeks leave to file a document under seal or in redacted form on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the document.

In accordance with this rule, on Friday, we notified IBM of this requirement that it file a letter within three days explaining the need to seal or redact the materials.

      We thus request that IBM should be required to provide the required letter also by Thursday. We note that Your Honor's Individual Practices Section 7(B) also states that:

> The parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents." <u>See, e.g.</u>, <u>In re Gen. Motors LLC Ignition Switch Litig.</u>, No. 14-MC-2543, <u>2015 WL 4750774</u>, at *4 (S.D.N.Y. Aug. 11, 2015).

We thus request that the Court modify its Order (<u>Dkt. 32</u>) to require the non-confidential portions of the documents be filed publicly. We disagree with IBM's position that the documents should remain fully under seal until after Plaintiffs' motion is decided.[2]

---

[2] On Friday afternoon, IBM alerted Judge Koeltl in the <u>Chandler</u> case to Your Honor's Order that the documents shall remain under seal pending determination of Plaintiffs' motion. This morning, we filed a similar letter to this one with Judge Koeltl, urging that he maintain his earlier order that the non-confidential materials be filed publicly, with the alleged confidential portions redacted or filed under seal. <u>See</u> <u>Chandler</u> <u>Dkt. 21</u>. A half hour after we filed the letter, an order was entered in that case granting IBM's request to follow Your Honor's Order in this case that the materials all remain under seal until Plaintiff's motion is decided. The order itself was dated yesterday, October 11, 2021, indicating that Judge Koeltl had not had the opportunity to review our letter we submitted today, prior to signing his order.

# LICHTEN & LISS-RIORDAN, P.C.

Sincerely,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

*Attorney for Plaintiffs William Chastka, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, a true and accurate copy of the foregoing document was filed via this Court's CM/ECF system.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

---

The Court is slightly mystified.  The prior endorsement --- which Plaintiffs ask the Court to reconsider --- granted Plaintiffs' own motion to seal (albeit on a temporary basis).  That said, the Court understood Plaintiffs' proposal to be that unredacted copies of the briefs would be kept under seal until the Court could consider the redactions and that, in the meantime, redacted versions of the briefs --- with redactions narrowly tailored to whatever justifies sealing --- would be filed publicly, as there is no basis to seal non-confidential portions of the parties' papers (including, for example, legal arguments).  To that extent, the motion for reconsideration is GRANTED. The parties should confer and raise any proposed redactions or sealing in accordance with the Court's Individual Rules and Practices.  The Clerk of Court is directed to terminate ECF No. 33.  SO ORDERED.

October 13, 2021

---

We also note that both Your Honor's individual rules, and Judge Koeltl's, require parties to meet and confer regarding the filing of allegedly confidential documents in order to *narrow* the scope of which such documents are to be filed in redacted form or under seal.  The rule does not require the parties to meet and confer regarding which documents are allegedly confidential in the first place.  We have however nevertheless now conferred with IBM, which agreed to respond to our proposals regarding proper redactions by Thursday.

3