# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8338
mwlampe@jonesday.com

October 13, 2021

CM/ECF

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:    IBM Arbitration Agreement Litigation, No. 1:21-CV-06296-JMF et al.

Dear Judge Furman:

      On behalf of Defendant International Business Machines Corporation ("IBM"), I write to oppose Plaintiffs' letter motion (Letter Motion, ECF No. 33) seeking reconsideration of Your Honor's order of October 8, 2021 in which you ruled that "[t]he [summary judgment] materials shall be filed under seal temporarily pending the Court's ruling on the underlying motion, at which time the Court will direct the parties to brief whether they should remain under seal." *See* Order Granting Letter Motion to Seal at 2, ECF No. 32 ("Sealing Order").[1] There is no good cause to disturb Your Honor's ruling.

      Your Honor's ruling reflects the fact that confidentiality is at the heart of the case and the materials should remain sealed until Your Honor decides the underlying dispute over the enforceability of the confidentiality provision in the parties' arbitration agreement. Indeed, Plaintiffs themselves, in their initial sealing motion (ECF No. 26, p. 2), acknowledged that these documents should remain under seal until "the Court has had the opportunity to consider the parties' arguments regarding confidentiality." Plaintiffs' summary judgment papers attach, describe, and cite to dozens of documents squarely protected from disclosure by the confidentiality provision of IBM's arbitration agreements. The great majority of these documents are not even from Plaintiffs' own arbitrations, but are instead documents from other individuals' confidentially protected arbitrations. In light of these circumstances, IBM agrees with the Court's ruling that these documents should remain temporarily under seal pending the resolution of the underlying motions.

      Your Honor's decision to defer any filing in the public record of redacted versions of these documents yields efficiencies for the parties and the Court. The parties ultimately will

---

[1] All cited filings are from *In Re: IBM Arbitration Agreement Litigation* unless otherwise noted.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Jesse M. Furman
October 13, 2021
Page 2

need to meet and confer on which documents containing confidential information require redactions, and submit any disputes to the Court.  It is most efficient for the parties to meet and confer just once, after the underlying motions have been decided and the parties' have the benefit of Your Honor's summary judgment/motion to dismiss ruling on the enforceability of the confidentiality provision when addressing redactions.  *See* Sealing Order at 2 ("the Court will direct the parties to brief whether [the documents] should remain under seal.")  There is no reason to disturb this Order now when Your Honor has already decided the issue in a manner yielding efficiencies for both the Court and the parties.

Plaintiffs cite Your Honor's Individual Rules and Practices in Civil Cases multiple times in their Letter Motion, but Plaintiffs did not follow these rules themselves.  *See* Letter Motion at 2-3.  Plaintiffs filed their motion and accompanying documents under seal without meeting and conferring with IBM, as Your Honor's Individual Practices instruct the parties to do.  Nor did Plaintiffs abide by the parties' agreement to confer on stipulated facts to submit to the Court, and only submit separate statements of facts if they were unable to agree.  *See* Joint Letter at 3, ECF No. 16.  Instead, Plaintiffs filed a Rule 56.1 statement without conferring with IBM.  In any event, there is no need to revisit the Court's decision on the issue of sealing now.

Finally, Plaintiffs misrepresent Judge Koeltl's decision on the issue of sealing in *Chandler*.  *See* ECF No. 33 at 1.  On Friday, October 8, 2021, Judge Koeltl entered an order on Plaintiffs' initial motion to seal, directing that "copies of the documents with the alleged confidential material redacted should be filed in the public docket."  *See id.*, Exhibit A at 1.  Plaintiff William Chandler then sent IBM proposed redacted versions of his Motion for Summary Judgment and other documents, threatening to file them—and ten of the exhibits to the motion—publicly that same day.  IBM immediately objected and filed a motion with Judge Koeltl asking that he "temporarily maintain under seal Plaintiff's summary judgment filing and the various exhibits thereto pending resolution of the underlying motions," as Your Honor had decided to do in the instant case.  Letter Motion to Seal at 1, *Chandler v. Int'l Bus. Machs. Corp.*, No. 1:21-cv-06319-JGK (S.D.N.Y. July 26, 2021), ECF No. 19 (attached here as Exhibit A).  On October 12, 2021, Plaintiff filed a letter directed to Judge Koeltl asking for permission to file redacted filings.  Approximately 35 minutes later, Judge Koeltl entered an order dated October 11, 2021 granting IBM's motion from Friday.  *See* Order Granting Letter Motion to Seal, *Chandler v. Int'l Bus. Machs. Corp.*, No. 1:21-cv-06319-JGK (S.D.N.Y. July 26, 2021), ECF No. 21 (attached here as Exhibit B).  Though Plaintiffs bury this fact in a footnote in their letter motion, *see* ECF No. 33 at 2 n.2, Judge Koeltl agreed with Your Honor that the summary judgment filing in *Chandler* should remain under seal pending the resolution of the underlying motions.

IBM therefore requests that the Court leave its Sealing Order in place.

JONES DAY

Hon. Jesse M. Furman
October 13, 2021
Page 3

                                      Respectfully submitted,

                                      */s/ Matthew W. Lampe*

                                      Matthew W. Lampe

cc:    Shannon Liss-Riordan, Esq.

In light of the Court's order resolving Plaintiffs' letter-motion regarding the same issue, this letter-motion is denied as moot. The Clerk of Court is directed to terminate ECF No. 35.

SO ORDERED.

*[Signature]*

October 13, 2021