# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-8338
mwlampe@jonesday.com

October 28, 2021

CM/ECF

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

        Re:    IBM Arbitration Agreement Litigation, No. 1:21-CV-06296-JMF et al.

Dear Judge Furman:

    I write on behalf of Defendant IBM to address the redacted versions of the summary-judgment brief and exhibits filed by Plaintiffs on October 27, 2021. ECF 38-40. The redactions cover confidential arbitration materials that are subject to the very arbitral confidentiality agreement that is at issue in this litigation. Plaintiffs now take the position that all of the confidential material covered by the redactions should be made public immediately, *before* IBM has a chance to file its response brief, and before the Court has had a chance to address the merits of Plaintiffs' challenge to the confidentiality provision.

    Plaintiffs' position is absurd. Simply put, Plaintiffs cannot file a lawsuit seeking to declare a confidentiality provision invalid, include all sorts of confidential material in the filings, and then demand that all of it be made public immediately. If this type of gambit were allowed, then Plaintiffs would be able to win the case just by filing it. That would make a mockery of the litigation process. The Court should instead resolve Plaintiffs' challenge to the confidentiality provision first, then decide which materials should remain confidential in light of its decision.

    As an initial matter, this Court has already ruled that the confidential materials should "be filed under seal temporarily pending the Court's ruling on the underlying motion [for summary judgment], at which time the Court will direct the parties to brief whether they should remain under seal." ECF 32, at 2. Your Honor later clarified that "redacted versions of the briefs" should "be filed publicly, as there is no basis to seal non-confidential portions of the parties' papers (including, for example, legal arguments)." ECF 36, at 3. But the Court's orders plainly contemplate that the confidential materials should remain redacted pending resolution of Plaintiffs' challenge to the arbitral confidentiality provision. There is no reason to revisit that common-sense ruling now.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Hon. Jesse M. Furman
October 28, 2021
Page 2

Even Plaintiffs themselves apparently agreed that confidential materials should remain sealed when they first filed them. When Plaintiffs filed their summary-judgment motion on October 8, they filed the supporting brief, statement of facts, and all related exhibits entirely under seal, along with a motion to seal explaining that the documents "contain information that falls under the scope of the confidentiality agreement contained within IBM's arbitration agreements . . . which is the subject of Plaintiffs' Motion for Summary Judgment." ECF 26, at 1. Plaintiffs stated that "until IBM has had the opportunity to respond, and the Court has had the opportunity to consider the parties' arguments regarding confidentiality," the documents should "be filed under seal," "at least preliminarily." *Id.* at 2.

Notwithstanding those prior representations to the Court and the Court's prior orders, Plaintiffs now insist that *none* of the confidential arbitration materials should be redacted, and instead demand that they should all be made public immediately. At IBM's request, Plaintiffs filed public versions of the documents with redactions covering the confidential material in dispute, but insisted that IBM file this letter brief explaining why the redactions are appropriate.

The redactions are the crux of the underlying dispute before the Court. To suggest that they should be removed before briefing is even complete, let alone considered, is to presuppose a win for Plaintiffs, which is entirely improper.

Plaintiffs' demand for immediate disclosure rests entirely on the premise that, "in general," "a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial [documents]." ECF 26, at 1 (citing *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015)). But that rule does not apply here, and Plaintiffs' argument fails for several reasons.

First, the "general" principle that Plaintiffs invoke cannot sensibly apply in the circumstances of this case. A party cannot file a lawsuit for the sole purpose of challenging a confidentiality agreement, attach the confidential material in dispute, and then use the public-access doctrine as a pretext to publicize it before the opposing party has a full and fair opportunity to defend the confidentiality agreement. That would turn the litigation process into an absurdity, and Plaintiffs cannot cite any case applying the public-access doctrine in this way.

Second, the confidentiality agreement here is not just any ordinary contract. Instead, it is part of an arbitration agreement and is thus entitled to unique protection under the Federal Arbitration Act (FAA). As the Second Circuit has recognized, "in the arbitration context," an "attack on [a] confidentiality provision is, in part, an attack on the character of arbitration itself." *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008). The FAA's strong federal policy protecting the terms of arbitration agreements thus weighs heavily against any disclosure that would vitiate an arbitral confidentiality term.

JONES DAY

Hon. Jesse M. Furman
October 28, 2021
Page 3

Third, IBM is not relying on a mere confidentiality agreement "by itself." Instead, much of the protected material is covered not only by IBM's confidentiality agreements, but also by protective orders issued by the arbitrators in the various arbitration proceedings. Whether those protective orders are valid and enforceable is bound up with the underlying merits of Plaintiffs' attack on arbitral confidentiality, which this Court has not yet resolved.

Fourth, it would be premature for the Court to resolve how the public-access doctrine applies to the confidential arbitration materials at this early stage of the case. The presumption of public access applies only to "judicial documents" that are actually "used in the performance of Article III functions." *United States v. Amodeo*, 71 F.3d 1044, 1048-49 (2d Cir. 1995). Here, however, as IBM's brief will explain, the Court can and should reject Plaintiffs' attack on arbitral confidentiality without any need to "use" or consider the confidential materials at all. At best, the materials could "play only a negligible role" in this case, and thus "the weight of the presumption" is exceedingly light. *Id*. at 1050. The Court will be much better positioned to weigh the public interest in disclosure after resolving the summary-judgment motion, at which point the Court can determine how much it needed to rely on the confidential materials to render a decision.

Finally, it is worth emphasizing that Plaintiffs did not need to file *any* confidential documents to support their summary-judgment brief. In fact, prior to the filing of the brief, Plaintiffs agreed to proceed without discovery and confer with IBM on stipulated facts to submit to the Court, and only submit separate statements of facts if Plaintiffs and IBM were unable to agree. ECF 16, at 3. As that agreement reflects, the issue before the Court is a purely legal question regarding the validity of the arbitral confidentiality agreement. There is no need to review the underlying confidential materials to resolve that question. Rather, Plaintiffs included and attached the confidential materials solely for the improper purpose of trying to disclose them under the public-access doctrine, in a transparent attempt to force the Court's hand to rule in their favor one way or another. That IBM is even required to make these points now—rather than in response to Plaintiffs' summary-judgment brief—exposes just how premature and absurd Plaintiff's argument is.

For these reasons, IBM respectfully requests that the Court leave the redactions in place to protect the confidential materials pending resolution of the underlying dispute. If Your Honor disagrees, IBM requests that the Court stay its decision and provide IBM with adequate time to seek emergency appellate review before any confidential materials are made public.

JONES DAY

Respectfully submitted,

*/s/ Matthew W. Lampe*

Matthew W. Lampe

cc: Shannon Liss-Riordan, Esq.

> The Court's October 8, 2021 and October 13, 2021 Orders already temporarily granted the motion to seal, pending the Court's resolution of the underlying motion, and directed the parties to publicly file the relevant materials with proposed redactions. *See* ECF Nos. 32, 36. To the extent this letter-motion seeks that same relief, the Court's prior orders still govern. In light of the foregoing, this application is DENIED as moot. The Clerk of Court is directed to terminate ECF No. 41.
>
> SO ORDERED.
>
> October 29, 2021