## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE: IBM ARBITRATION
AGREEMENT LITIGATION

No. 1:21-CV-6296-JMF

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S 12(B)(6) MOTION TO DISMISS

In support of its pending Motion to Dismiss (Dkt. 47), and in opposition to Plaintiffs' pending Motion for Summary Judgment (Dkt. 27), Defendant International Business Machines Corporation submits this Notice of Supplemental Authority regarding the May 27, 2022, Order of the United States District Court for the Northern District of Georgia in *Smith v. International Business Machines Corp.*, No. 1:21-CV-03856-JPB, 2022 WL 1720140 (N.D. Ga. May 27, 2022). *Smith* is a vacatur action involving the same arbitration agreement at issue here, where the plaintiff is represented by the same counsel as Plaintiffs. The *Smith* decision is relevant to Plaintiffs' argument that the arbitration agreement's timing provision is invalid because it does not allow for piggybacking, and to Plaintiffs' reliance on *Thompson v. Fresh Products, LLC*, 985 F.3d 509 (6th Cir. 2021). *See Smith*, 2022 WL 1720140, at *5-7.

In pertinent part, the *Smith* court found that *Rusis v. International Business Machines Corp.* is "persuasive" and the "closest case on point," because it recognized that "'the piggybacking doctrine is wholly inapplicable in the arbitration context,'" since "'employees who wished to pursue ADEA claims in arbitration pursuant to IBM's separation agreements were not required to file a charge of discrimination with the EEOC.'" *Smith*, 2022 WL 1720140, at *6

(quoting *Rusis*, 529 F. Supp. 3d 178, 192 n.4 (S.D.N.Y. 2021)).  The *Smith* court also rejected the plaintiff's assertion "that denying her the use of the single-filing rule is tantamount to denying her a substantive right under the ADEA."  *Smith*, 2022 WL 1720140, at *6 n.8.  The court noted that *Thompson* is not on point because it did "not concern arbitration or the FAA," and the court also pointed out that "Plaintiff offers no binding legal authority for the proposition that the [ADEA's] filing deadlines are somehow substantive in nature" as would be required to make them non-waivable in an arbitration agreement covered by the FAA.  *Id.*  A copy of the *Smith* Order is attached to this Notice.

Dated: June 9, 2022                          Respectfully submitted,


                                             *s/ Matthew W. Lampe*
                                             Matthew W. Lampe
                                             JONES DAY
                                             250 Vesey Street
                                             New York, New York 10281
                                             Telephone: (212) 326-3939
                                             Facsimile: (212) 755-7309
                                             mwlampe@jonesday.com

                                             Alison B. Marshall
                                             Anthony J. Dick
                                             JONES DAY
                                             51 Louisiana Ave NW
                                             Washington DC 20001-2113
                                             Telephone: (202) 879-7679
                                             Facsimile: (202) 626-1700
                                             abmarshall@jonesday.com
                                             ajdick@jonesday.com

                                             Craig S. Friedman
                                             JONES DAY
                                             1221 Peachtree Street, N.E., Suite 400
                                             Atlanta, GA 30361
                                             Telephone: (404) 521-3939
                                             Facsimile: (404) 581-8330
                                             csfriedman@jonesday.com

                                             *Counsel for Defendant*
                                             *International Business Machines Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2022, a true and accurate copy of the foregoing was filed via this Court's CM/ECF system.

<u>*/s/ Matthew W. Lampe*</u>
Matthew W. Lampe