UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                               :
IN RE:                                                        :        21-CV-6296 (JMF)
                                                        :
IBM ARBITRATION AGREEMENT LITIGATION    :        MEMORANDUM OPINION
                                                        :                AND ORDER
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 14, 2022, the Court issued an Opinion and Order granting a motion to dismiss filed by Defendant International Business Machines Corp. ("IBM") and denying as moot a motion for summary judgment filed by Plaintiffs, former IBM employees. *In re IBM Arb. Agreement Litig.*, No. 21-CV-6296 (JMF), 2022 WL 2752618, at *9, 12 (S.D.N.Y. July 14, 2022). In its Opinion and Order, the Court also ordered "any party that believes any materials currently under seal or in redacted form should remain [so] . . . to show cause in writing, on a document-by-document basis, why doing so would be consistent with the presumption in favor of public access." *Id*. at *12. In response, IBM filed a motion to seal, requesting that the materials filed in support of Plaintiffs' summary judgment motion and the motion itself remain sealed or redacted. ECF No. 94 ("Def.'s Mot."), at 1, 9-12, 20. IBM also requested that Plaintiffs' opposition to IBM's motion to dismiss be redacted to remove: "(a) the names and titles of executives, managers, and other IBM employees; and (b) the names and titles of individuals listed as authors and recipients of documents and the month and day (but not year) of those documents." *Id.* at 8. By contrast, Plaintiffs submitted a letter requesting that all of "the motion papers and accompanying exhibits . . . be unsealed with limited exceptions." ECF No. 93 ("Pls.' Ltr."), at 2 (footnotes omitted). For the reasons that follow, the Court agrees with IBM.

"The common law right of public access to judicial documents is firmly rooted in our

nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also Brown v. Maxwell*, 929 F.3d 41, 47-52 (2d Cir. 2019). This right arises from "the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1048 (2d Cir. 1995). In light of the presumption in favor of public access, the Second Circuit has established a three-part test for determining whether documents may be placed under seal. First, "a court must . . . conclude that the documents at issue are indeed 'judicial documents' . . . and that therefore a common law presumption of access attaches." *Lugosch*, 435 F.3d at 119; *accord Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022). Notably, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Olson*, 29 F.4th at 87 (quoting *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995)). "Instead, for a court filing to be classified as a 'judicial document,' it must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. (internal quotation marks omitted). "A document is . . . relevant to the performance of the judicial function if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown*, 929 F.3d at 49 (internal quotation marks omitted).

Second, if the documents at issue are judicial documents, the court "must determine the weight" of the presumption in favor of public access, which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch*, 435 F.3d at 119 (internal

quotation marks omitted).  "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (cleaned up).  "Finally, . . . the court must balance competing considerations against" the presumption of access, including "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted).  Any sealing or redaction must be "narrowly tailored" to serve the interest that justifies it.  *Id.* at 120.  And the party seeking to maintain information filed under seal bears "the burden . . . to demonstrate that the interests favoring non-access outweigh those favoring access."  *Amodeo I*, 44 F.3d at 148.

Applying the foregoing standards, the Court concludes that Plaintiffs' motion for summary judgment, accompanying exhibits, and supporting memoranda of law (to the extent those memoranda address Plaintiffs' motion for summary judgment exclusively) are not judicial documents, substantially for the reasons stated in IBM's motion to seal.  *See* Def.'s Mot. 6-12.  As the Court noted in its Opinion and Order dismissing Plaintiffs' claims, the Court "d[id] not reach Plaintiffs' motion [for summary judgment]" and, therefore, "d[id] not consider" the "evidence outside of the pleadings" submitted by Plaintiffs "in support of their motion for summary judgment." *In re IBM Arb. Agreement Litig.*, 2022 WL 2752618, at *1 n.2.  Indeed, the Court could not have considered such evidence in resolving IBM's motion to dismiss.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) ("In considering a motion to dismiss for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."); *see also, e.g., Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006).

As a result, Plaintiffs' summary judgment motion and accompanying materials had no "tendency" — or, for that matter, ability — "to influence [this Court's] ruling on [IBM's] motion," which resulted in dismissal of the consolidated cases in their entirety. *Brown*, 929 F.3d at 49 (emphasis omitted). It follows that they were neither "relevant to the performance of the judicial function [nor] useful in the judicial process." *Id.* Thus, they are not "judicial documents" subject to a presumption of public access. *Id.*; *see, e.g.*, *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 66 (S.D.N.Y. 2007) ("[B]ecause documents [outside of the pleadings] submitted with a Rule 12(b)(6) motion can play no role in the court's deliberations absent conversion [to a motion for summary judgment], the documents cannot qualify as judicial for presumption-of-access purposes."); *cf. Giuffre v. Maxwell*, No. 15-CV-7433 (LAP), 2020 WL 133570, at *3-4 (S.D.N.Y. Jan. 13, 2020) (holding that, after a settlement, "undecided motions and the papers associated with them are not judicial documents" because "there is simply no decision to be made, no exercise of the judicial power that can take place, and no court action for the public to monitor" in relation to those documents), *reconsideration denied*, No. 15-CV-7433 (LAP), 2020 WL 917057 (S.D.N.Y. Feb. 26, 2020). That conclusion ends the inquiry.

In any event, even if Plaintiffs' motion for summary judgment and related filings were judicial documents, the sealing requested by IBM would still be warranted. Given that the Court did not, and *could not*, consider these documents in resolving IBM's motion to dismiss, for the reasons discussed above, they would be subject to only a weak presumption of public access. *See In re IBM Arb. Agreement Litig.*, 2022 WL 2752618, at *1 n.2. And on the other side of the scale, there are strong "competing considerations" that favor maintaining these documents under seal or in redacted form. *Lugosch*, 435 F.3d at 120. Most notably, pursuant to the Federal

4

Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, "courts must rigorously enforce arbitration agreements," including confidentiality provisions, "according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013); *see also Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008) (recognizing that an "attack on [a] confidentiality provision is, in part, an attack on the character of arbitration itself"). Granted, the Court here did not ultimately rule on the validity of the confidentiality provisions at issue. *See In re IBM Arb. Agreement Litig.*, 2022 WL 2752618, at *6. But to deny IBM's sealing request would be to grant Plaintiffs the relief they sought in the first instance even though their claims did not get past IBM's motion to dismiss. That would be "perverse." ECF No. 52, at 3.

The Court acknowledges that its decision differs from the one reached in *Lohnn v. International Business Machines Corp.*, No. 21-CV-6379 (LJL), 2022 WL 36420 (S.D.N.Y. Jan. 4, 2022), in which the court read language from *Lugosch* to mean that "[i]t is irrelevant" to the judicial-document inquiry that, "if [the defendant's] motion to dismiss ends up being granted, the [c]ourt will also deny the [plaintiff's] motion for summary judgment." *Id.* at *9 (citing *Lugosch*, 435 F.3d at 123). Yes, the *Lugosch* court held that, "[a]s a matter of law, . . . documents[,] by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment[,] are unquestionably judicial documents under the common law." 435 F.3d at 123. In *Lugosch*, however, "[m]uch of the case ha[d] already survived a motion to dismiss," *id.* at 113, so the district court was *required* to resolve the motion for summary judgment before it. *Lugosch* did not hold that summary judgment papers are automatically judicial documents where, as here, a motion to dismiss and motion for summary judgment are pending simultaneously and the court can consider the latter only if it first denies the former. To the contrary, *Lugosch* explicitly reaffirmed that "the mere filing of a paper or document with the

5

court is insufficient to render that paper a judicial document subject to the right of public access." *Id.* at 119 (quoting *Amodeo II*, 44 F.3d at 145); *accord Olson*, 29 F.4th at 87.

In *Lohnn*, the court voiced a concern that holding otherwise could "invite a slew of motions to dismiss . . . (meritorious or not)" by defendants seeking to keep "information filed under seal . . . until the motion is decided." 2022 WL 36420, at *9. But there are other tools — for instance, sanctions — available to deter unmeritorious motions to dismiss. And, in any event, if it turns out that the court later considers the documents at issue, their sealing would be temporary — lasting only as long as it takes to confirm that they are relevant to the judicial function. On the flip side, the approach taken by the *Lohnn* court would create its own perverse incentives. If summary judgment materials automatically qualified as judicial documents upon filing in all instances, then plaintiffs seeking to make confidential documents public could simply submit the documents in support of a motion for summary judgment, whether or not they even stated a valid claim, thereby shifting the burden to the opposing party to justify sealing in each instance. In fact, this very case may well be an example of the potential for abuse. In their Amended Complaint, Plaintiffs challenged the validity of the confidentiality provision in their arbitration agreements with IBM, but their challenge did not survive IBM's motion to dismiss. To treat the documents they filed in connection with their summary judgment motion as judicial documents subject to the presumption in favor of public access — despite the fact that the Court was never called upon to consider them — would potentially conflict with the parties' legitimate expectations and run contrary to the FAA's strong policy in favor of enforcing arbitral confidentiality provisions. *See Am. Express Co.*, 570 U.S. at 233; *Guyden*, 544 F.3d at 385. To conclude that Plaintiffs are entitled to the relief they ultimately sought — namely, public disclosure — merely by asking for it (even though their request turned out to be premature and

6

without merit) would be even more absurd. Accordingly, the Court declines to follow *Lohnn* and concludes that the summary judgment materials filed in this case, but never considered by the Court, are not judicial documents subject to a presumption of public access.

By contrast, the parties' submissions in connection with IBM's motion to dismiss are, as IBM concedes, *see* Def.'s Mot. 8, plainly judicial documents. That said, the Court agrees with IBM that the following information should be redacted from Plaintiffs' opposition to IBM's motion to dismiss: "(a) the names and titles of executives, managers, and other IBM employees; and (b) the names and titles of individuals listed as authors and recipients of documents and the month and day (but not year) of those documents." *Id*. On this score, the Court agrees with the *Lohnn* court that the "privacy interests" of third parties outweigh the presumption of public access afforded to these portions of the filings. 2022 WL 36420, at *18 *see, e.g.*, *City of Providence v. BATS Glob. Mkts., Inc.*, No. 14-CV-2811 (JMF), 2022 WL 539438, at *3-4, 6 (S.D.N.Y. Feb. 23, 2022); *see also Amodeo II*, 71 F.3d at 1050.

For the foregoing reasons, the Court grants IBM's motion to seal and denies Plaintiffs' requests to the extent that they conflict with IBM's motion. The Court approves the redactions to Plaintiffs' opposition proposed by IBM, *see* ECF No. 95-5, and directs IBM to publicly file the redacted version of that document no later than **August 4, 2022**. Per the Court's July 14, 2022 Opinion and Order the parties shall also, no later than **August 4, 2022**, file a joint letter with the list of the ECF numbers of the filings to be unsealed, if any.

The Clerk of Court is directed to terminate ECF No. 94.

SO ORDERED.

Dated: August 2, 2022
      New York, New York

                                           JESSE M. FURMAN
                                           United States District Judge